# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>VICTOR HUGO GUEL-CONTRERAS,<br><br>      Defendant. | Case No. CR05-1017<br><br>REPORT AND RECOMMENDATION |

This matter comes before the court pursuant to the defendant's June 3, 2005, motion to suppress evidence (docket number 15). The court held an evidentiary hearing on this motion on June 13, 2005, at which the defendant was present and represented by John Broz. The government was represented by Assistant United States Attorney Kandice Wilcox. The motion was referred to the undersigned United States Magistrate Judge for issuance of a report and recommendation. It is recommended that the motion to suppress be denied. The court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

On February 15, 2005, police and immigration officials took the defendant into custody at a Postville, Iowa, motel where the defendant had participated in his second drug transaction that was set up and controlled by the police. Because of questions about his nationality and removeability, Michael Vail, the residence agent in charge of the Bureau of Immigrations and Customs Enforcement was present. Agent Vail speaks fluent Spanish. Accordingly, he was primarily responsible for administering <u>Miranda</u> warnings and interpreting for other police officers who wanted to interrogate the defendant.

1

After presenting his credentials to the defendant, Agent Vail gave the defendant a written statement of his <u>Miranda</u> warnings in Spanish. He also read them to the defendant in Spanish. The defendant indicated that he understood his rights, was willing to talk with the police, and signed the form as another indication of his willingness to talk to the police. Agent Vail also gave him a document indicating his immigration rights (<u>See</u> Government's Exhibits 1 and 2). Unfortunately, these documents were both given to the defendant and the police did not retain the defendant's advice of <u>Miranda</u> rights form.

Agent Vail and the defendant were able to communicate effectively in Spanish. The defendant understood Agent Vail's questions, provided appropriate responses, and testified at the suppression hearing that he understood Agent Vail's questions. During interrogation Agent Vail asked the defendant about a small quantity of cocaine that had been found in the defendant's wallet. The defendant indicated that he knew it was cocaine and stated that it had come from the larger quantity of cocaine that was the subject of the controlled buy that day.

The court believes that the defendant received, understood, and knowingly and voluntarily waived his <u>Miranda</u> rights prior to confession to Agent Vail. Agent Vail credibly testified that it was his function to be at the transaction to determine the defendant's immigration status and to advise him of his immigration and <u>Miranda</u> rights. He certainly made a mistake by sending the signed <u>Miranda</u> waiver form with the defendant but even that mistake is understandable given the fact that he also provided the defendant with written advice of immigration rights that would ordinarily remain with the defendant following the encounter with the police. Agent Vail's testimony is simply more credible than the defendant's testimony in this regard.

## CONCLUSIONS OF LAW

The parties have no disputes concerning questions of law. This is purely a factual dispute as to whether the defendant received <u>Miranda</u> warnings prior to confessing to the police.

## RECOMMENDATION

For the reasons discussed above, **IT IS RECOMMENDED**, unless any party files objections[1] to the Report and Recommendation by Thursday, June 23, 2005, at 12:00 P.M. that the defendant's June 3, 2005, motion to suppress evidence be denied.

June 16, 2005.

```
_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT
```

---

[1] Any party who objects to this report and recommendation must serve and file specific, written objections by Thursday, June 23, 2005, at 12:00 P.M. A party objecting to the report and recommendation must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections.