**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ‖ | |
| Plaintiff, | ‖ | No. CR 05-1017-LRR |
| vs. | ‖ | **ORDER** |
| VICTOR HUGO GUEL-CONTRERAS, | ‖ | |
| Defendant. | ‖ | |

**TABLE OF CONTENTS**

*I.   INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

*II.  PROCEDURAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . **2**

*III. TRIAL EVIDENCE* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3**

*IV.  SUFFICIENCY OF THE EVIDENCE* . . . . . . . . . . . . . . . . . . . . . . **4**

    *A. Motion for Judgment of Acquittal* . . . . . . . . . . . . . . . . . . . . . . **4**

    *B. Motion for New Trial* . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**

*V.   RENEWED MOTION TO SUPPRESS EVIDENCE* . . . . . . . . . . . . . . **8**

*VI.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **9**

*I. INTRODUCTION*

Before the court is Defendant Victor Hugo Guel-Contreras's Motion for Judgment of Acquittal and New Trial (docket no. 64). Defendant contends there was insufficient

evidence presented at trial to support his conviction for conspiracy to distribute cocaine. He also maintains the court should have suppressed incriminating statements he made to law enforcement officers shortly after his arrest. The matter is fully submitted and ready for decision.

## II. PROCEDURAL BACKGROUND

On May 4, 2005, a Grand Jury charged Defendant with conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846.[1] On June 3, 2005, Defendant filed a Motion to Suppress Evidence. Defendant claimed incriminating statements he had allegedly made to law enforcement officials after his arrest were obtained in violation of his *Miranda* rights. On June 16, 2005, Chief Magistrate Judge John A. Jarvey filed a Report and Recommendation. Judge Jarvey recommended the court deny the Motion to Suppress Evidence.

On June 22, 2005, Defendant filed Objections to the Report and Recommendation. On June 27, 2005, the court overruled Defendant's Objections and denied the Motion to Suppress Evidence.

On July 13 and 14, 2005, the court held a jury trial. The jury found Defendant guilty as charged.

On July 20, 2005, Defendant filed the instant Motion for Judgment of Acquittal and New Trial. On July 27, 2005, the government filed a Resistance.

---

[1] This charged conduct is contained Count 5 of a nine-count Indictment filed against Defendant and other individuals. Count 9 also charged Defendant with possession of a fraudulent permanent resident alien card in violation of 18 U.S.C. § 1546(a). At trial, Defendant admitted guilt as to Count 9, and the jury convicted him. Because Defendant does not challenge his conviction on Count 9 in this post-trial motion, the court need not discuss it.

## III. TRIAL EVIDENCE

At trial, the government introduced evidence to show Defendant conspired with others to sell cocaine in Postville, Iowa. Special Agent Daryl Simmons of the Iowa Division of Narcotics Enforcement testified that he went undercover in early 2005 to investigate cocaine trafficking in Postville. An informant had identified Juan Jose Gonzalez-Orosco (a/k/a "Crazy") as a cocaine dealer in the area. With the informant's help, Special Agent Simmons arranged to buy cocaine from Crazy.

Special Agent Simmons bought an ounce of cocaine directly from Crazy on January 21, 2005. Later, Special Agent Simmons arranged to buy four more ounces of cocaine from Crazy. On February 1, 2005, Sergio Ramirez-Gomez, Defendant's uncle, delivered the cocaine to Special Agent Simmons and collected the money on Crazy's behalf. Special Agent Simmons testified that there was another man with Ramirez-Gomez before the delivery, but Special Agent Simmons could not identify him.

Special Agent Simmons next arranged to buy a kilogram of cocaine from Crazy. The controlled buy was supposed to take place in the early evening hours of February 15, 2005, but Crazy told him his supplier was running late when Special Agent Simmons arrived at the appointed place. Special Agent Simmons waited for a number of hours. Around midnight, Special Agent Simmons called Crazy and told him he was tired of waiting. Crazy told Special Agent Simmons his supplier had not arrived. Crazy offered to sell Special Agent Simmons seven ounces of cocaine instead. Special Agent Simmons agreed. Crazy told Special Agent Simmons he would send over the "same people" he had sent for the February 1 transaction.

Ramirez-Gomez and Defendant drove to a motel where Special Agent Simmons was waiting to buy the cocaine. Ramirez-Gomez was driving; Defendant was sitting in the front passenger-side seat. Ramirez-Gomez opened up his jacket, reached into his pocket,

pulled out a plastic bag containing cocaine, and showed it to Special Agent Simmons.

Law enforcement agents arrested Ramirez-Gomez and Defendant and searched them. The agents found cocaine on Ramirez-Gomez's person. They also found a small amount of cocaine wrapped within a $20 bill inside Defendant's wallet.

Law enforcement agents read Ramirez-Gomez and Defendant the *Miranda* warnings. Upon questioning, Ramirez-Gomez admitted he was delivering cocaine for Crazy. Ramirez-Gomez also told the agents Defendant was serving as his "lookout." Ramirez-Gomez stated he had paid Defendant for his services by giving him a small amount of the seven ounces of cocaine Crazy had told him to deliver. Defendant admitted his uncle gave him the cocaine in his wallet and that the cocaine had come from the seven ounces being delivered to Special Agent Simmons.

## IV. SUFFICIENCY OF THE EVIDENCE

Defendant first claims there was insufficient evidence presented at trial to support the jury's guilty verdict. Defendant moves for a judgment of acquittal and, in the alternative, a new trial.

### A. Motion for Judgment of Acquittal

The rules of criminal procedure provide that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Such a motion is permitted after trial, in which case the court may set aside the verdict and enter a judgment of acquittal. Fed. R. Crim. P. 29(c). It is well-settled, however, that "[j]ury verdicts are not lightly overturned." *United States v. Stroh*, 176 F.3d 439, 440 (8th Cir. 1999). The court must view the evidence in the light most favorable to the government and give the government the benefit of all reasonable inferences. *United States v. Surratt*, 172 F.3d 559, 563 (8th Cir. 1999). The court must uphold the jury's verdict so long as "a reasonable-minded jury

could have found [Defendant] guilty beyond a reasonable doubt." *United States v. Hayes*, 391 F.3d 958, 961 (8th Cir. 2004). It is not the province of the court to weigh the evidence or evaluate the credibility of witnesses. *Id.* That task is for the jury. *Id.*

In his post-trial motion for judgment of acquittal, Defendant contends the evidence was insufficient to support the verdict. Defendant points out that he testified he was not involved in the conspiracy, that he knew nothing about the drug transaction and that the transaction took place in English and he only speaks Spanish. Defendant testified his uncle simply asked him to come with him to run an undisclosed errand and he went along.

Defendant claims the cocaine found in his wallet was not payment for serving as a "lookout." Defendant testified that he purchased the cocaine at a bar a few days before his arrest. He alleges the law enforcement agents misunderstood his responses to their questions.

Defendant notes Ramirez-Gomez testified that Defendant had no knowledge of or involvement in the conspiracy. Defendant's fingerprints were not found on the bag of cocaine Ramirez-Gomez showed Special Agent Simmons.

Having considered Defendant's arguments to the contrary, the court concludes the evidence presented at trial was sufficient to support Defendant's conviction. To prove a conspiracy, the government needed to show:

> 1) two or more persons reached an agreement or came to an understanding to distribute cocaine; 2) Defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached, or at some later time while it was still in effect; and 3) at the time Defendant joined in the agreement or understanding, he knew its purpose.

Final Jury Instruction no. 15; *see, e.g.*, *Hayes*, 391 F.3d at 961 (similar); *United States v. White*, 241 F.3d 1015, 1022 (8th Cir. 2001) (similar). A defendant need not have expressly agreed to join the conspiracy; tacit agreement may be sufficient. *Hayes*, 391

5

F.3d at 961. "Because the details of a conspiracy often are shrouded in secrecy, circumstantial evidence and inferences from the parties' actions may be used to establish the conspiracy's existence." *United States v. Mickelson,* 378 F.3d 810, 821 (8th Cir. 2004) (citing *United States v. Sparks*, 949 F.2d 1023, 1027 (8th Cir. 1991)); *see also United States v. Pizano*, Nos. 04-1459 *et al.*, 2005 WL 2086426, *13, ___ F.3d ___, ___ (8th Cir. Aug. 31, 2005) ("[T]he government may prove the agreement wholly by circumstantial evidence or by inference from the actions of the parties." (Internal quotation omitted.)). Evidence of mere association with conspirators is not sufficient to convict a person but is a relevant factor in determining whether a conspiracy exists. *Mickelson,* 378 F.3d at 821. Likewise, mere presence at the scene of a crime is not sufficient evidence in itself to show a conspiracy. *See United States v. Larson*, 760 F.2d 852, 858 (8th Cir. 1985).

  The evidence presented at trial is sufficient to support the jury's verdict. Defendant was present at the scene of a drug deal. Defendant associated with a drug dealer, his uncle. Defendant and his uncle lived in the same home and are both cocaine users. At the time of arrest, Defendant's uncle told law enforcement officers he paid Defendant a small amount of cocaine to serve as a "lookout." Consistent with this statement, Defendant admitted to law enforcement agents that his uncle gave him the cocaine in his wallet and that the cocaine had come from the seven ounces Crazy was selling to Special Agent Simmons. The small amount of cocaine found in Defendant's wallet corroborated these incriminating statements. The court recognizes Defendant's testimony at trial contradicts the foregoing version of the facts. Nonetheless, Defendant does not really challenge the sufficiency of the evidence presented in the government's case-in-chief, but instead urges the court to make its own credibility assessment in his favor. Put simply, Defendant

asserts the jury should have believed him, not the law enforcement officers.

As indicated, the court cannot assess the credibility of witnesses when deciding a Rule 29 motion. *Hayes*, 391 F.3d at 961. Defendant lost this battle at trial. The jury could have found the law enforcement agents credible and the testimony of Defendant and his uncle not credible. It was not unreasonable for the jury to disbelieve Defendant's testimony, which would have required them to disbelieve the testimony of multiple law enforcement officers. The court denies Defendant's motion for judgment of acquittal; the evidence presented at trial is sufficient to support the jury's guilty verdict.

### B. Motion for New Trial

In the alternative, Defendant claims a new trial is warranted pursuant to Federal Rule of Criminal Procedure 33. Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if justice so requires." Fed. R. Crim. P. 33(a). A district court is granted broad discretion in considering a motion for a new trial. *See United States v. Wilkins*, 139 F.3d 603, 604 (8th Cir. 1998). A district court may "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002) (citation omitted). However, "[u]nless the district court ultimately determines that a miscarriage of justice will occur, the jury's verdict must be allowed to stand." *Id.* (citing *United States v. Lacey*, 219 F.3d 779, 783 (8th Cir. 2000)); *see also Ortega v. United States*, 270 F.3d 540, 547 (8th Cir. 2001) (noting a district court may grant a new trial under Rule 33 "only if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred").

A district court enjoys more latitude in granting new trials under Rule 33 than in granting motions for judgment of acquittal under Rule 29; however, "[m]otions for new trials based on the weight of the evidence are generally disfavored." *Campos*, 306 F.3d

at 579. District courts "must exercise the Rule 33 authority 'sparingly and with caution.'" *Id.* (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)); *see also* Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 553 (3d ed. 2004) (stating that granting a new trial under Rule 33 is an unusual remedy reserved for "exceptional cases in which the evidence preponderates heavily against the verdict").

In the instant motion, Defendant does not specifically allege how a miscarriage of justice has occurred. It appears, however, that Defendant asserts the same arguments in support of his motion for judgment of acquittal. Affording Defendant the benefit of the doubt, the court assumes Defendant claims a new trial is warranted pursuant to Rule 33 because there was insufficient evidence to support his conviction.

The evidence presented at trial is not only sufficient to support the jury's verdict (as the discussion of Defendant's Rule 29 motion showed) but also weighs heavily in support of Defendant's conviction. The testimony of Defendant and his uncle at trial, which contradicted the statements of law enforcement officers and their own initial statements to police, is not credible. The circumstantial evidence the government presented, when coupled with Ramirez-Gonzalez's incriminating statements and Defendant's own admissions, shows no miscarriage of justice occurred. Accordingly, the court denies Defendant's motion for new trial.

## V. RENEWED MOTION TO SUPPRESS EVIDENCE

Defendant also maintains the court should have suppressed incriminating statements he made to law enforcement officers shortly after his arrest. Defendant made this argument to the court in a pretrial motion and renewed the motion at trial. Defendant apparently claims he was not given the *Miranda* warnings and did not make the incriminating statements to officers; in the instant motion, Defendant simply states he "addressed this issued [sic] in his pretrial brief in support of his motion to suppress

evidence . . . [and] relies on the same arguments as previously set forth." It appears this is framed as a motion for judgment of acquittal. Throughout these proceedings Defendant has maintained the law enforcement officers lied when they testified they gave him the *Miranda* warnings. The court has repeatedly found Defendant's testimony not credible and the testimony of the law enforcement officers credible on this issue. The court denies the instant motion for the same reasons previously given, including those set forth in the court's June 27, 2005 Order. Defendant was read his *Miranda* warnings and made incriminating statements to officers.

## *VI. CONCLUSION*

**IT IS THEREFORE ORDERED** Defendant's Motion for Judgment of Acquittal and New Trial (docket no. 64) is **DENIED**.

**DATED** this 3rd day of October, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA